IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUNIUS BURNO,

       *Petitioner*,

v.

WETZEL, *et al.*,

       *Respondents*.

CIVIL ACTION
NO. 15-06307

**PAPPERT, J.**                                                                                           September 29, 2016

**<u>MEMORANDUM</u>**

       Petitioner Junius Burno ("Petitioner") filed a Petition for a Writ of Habeas Corpus on November 23, 2015. (ECF No. 1.) On June 7, 2016 the Court ordered Respondents to file a memorandum of law addressing any affirmative procedural defenses to the Petition. (ECF No. 10.) Respondents filed their memorandum on July 22, 2016 and recommended that the case be placed in a "stay-and-abey" posture because Petitioner's case was pending on direct appeal before the Supreme Court of Pennsylvania. (ECF No. 15.)

       The Court agreed that the Petition presented only unexhausted claims and it placed the case in a "stay-and-abey" posture rather than dismissing the Petition as procedurally defaulted. (ECF No. 18.) In the Stay-and-Abey Order, the Court explained the following:

> Petitioner should have filed his Petition after his direct state appeal and state post-conviction proceedings were finalized. Petitioner also must first raise his ineffective assistance of counsel claim under Pennsylvania's Post Conviction Relief Act ("PCRA"). If he fails to do so, it will not be considered "exhausted" for the purposes of 28 U.S.C. § 2254(b)(1)(A) and will therefore be procedurally defaulted. *See, e.g., Gonzalez v. Superintendent Graterford SCI*, No. 14-3068, 2016 WL 3902636, at *1 (3d Cir. July 19, 2016). (ECF No. 18.)

On September 23, 2016 Petitioner filed a "Hazel-Atlas Motion" requesting that this Court reconsider its Stay-and-Abey order. *See* (ECF No. 18). The Court construes his request as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(3). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 679 (3d Cir. 2010) (internal quotation and citation omitted). Under Rule 60(b)(3), a plaintiff must show "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). Such fraud must be demonstrated by clear and convincing evidence. *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960).

Petitioner asserts that his claims are exhausted and the Commonwealth's position to the contrary was a fabrication designed to mislead this Court. Petitioner is incorrect; accordingly, he fails to meet the standard under Rule 60(b)(3) and the Court denies his motion. Petitioner presents only unexhausted claims because his case remains pending on direct appeal before the Supreme Court of Pennsylvania. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); *see also Rose v. Lundy*, 455 U.S. 509, 515–516 (1982).

Petitioner is understandably confused because of his case's complicated procedural history—his case is pending review before the Supreme Court of Pennsylvania for the second time on direct appeal. After his conviction in 2007, the trial court granted Petitioner's motion for a new trial based on his trial counsel's ineffective representation. The Commonwealth appealed the trial court's order, and Petitioner filed a cross-appeal raising numerous objections that were

not addressed by the trial court. The Supreme Court of Pennsylvania reversed the trial court's grant of a new trial. *Commonwealth v. Burno*, 94 A.3d 956, 959 (Pa. 2014). It held that the trial court prematurely addressed Petitioner's ineffective assistance of counsel claims and that these claims should have been decided during post-conviction proceedings. *Id.* at 972. It dismissed those claims without prejudice to allow Petitioner to later raise them in post-conviction proceedings. It remanded Petitioner's case to the trial court to rule on his remaining objections related to trial court error that the trial court had left unaddressed. *Id.* at 971–72. The case has now made its way back up to the Supreme Court a second time.[1]

Thus, Petitioner's claims are unexhausted because the Supreme Court of Pennsylvania has yet to directly rule on many of his claims. The Supreme Court held oral argument in Petitioner's case on May 11, 2016 and it has yet to render a decision. Once it does, many of Petitioner's claims will be exhausted. The Court reminds Petitioner that he must first raise his ineffective assistance of counsel claim under Pennsylvania's Post Conviction Relief Act ("PCRA") before continuing to seek federal habeas relief. If he fails to do so, this claim will not be considered "exhausted" for the purposes of 28 U.S.C. § 2254(b)(1)(A) and it will therefore be procedurally defaulted. *See, e.g., Gonzalez v. Superintendent Graterford SCI*, No. 14-3068, 2016 WL 3902636, at *1 (3d Cir. July 19, 2016).

An appropriate order follows.

*/s/ Gerald J. Pappert*

---

[1] Petitioner objects that he did not wish to bring this current appeal and that his court appointed lawyer did so without his permission in an effort to help the Commonwealth keep Petitioner's case in state court. Petitioner is correct that a defendant has the right to waive his right to appeal. If Petitioner had done this, however, his claims would not be exhausted and his Petition for a Writ of Habeas Corpus would be in procedural default.